IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAIGE S. DUHL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Civil Action 20-1123 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| | ) | |
| Commissioner of Social Security | ) | |

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Paige S. Duhl ("Duhl") brought this action for review of the final decision of the Commissioner of Social Security denying her claim for social security benefits. Duhl contends that she became disabled on January 1, 2002. (R. 89). She was represented by counsel at a hearing before an Administrative Law Judge ("ALJ") in March 2019. (R. 38-78). During the hearing both Duhl and a vocational expert ("VE") testified. Ultimately, the ALJ denied benefits. (R. 18-36). Duhl has filed this appeal. The parties have filed Cross-Motions for Summary Judgment. See ECF Docket Nos. 20 and 24.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) and 1383(c)(3)(7). Section 405(g) permits a district court

---

[1] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

1

to review the transcripts and records on which a determination of the Commissioner is based, and the court will review the record as a whole. See 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart,* 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence.  Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.*  The Commissioner's findings of fact, if supported by substantial evidence, are conclusive.   42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson,* 402 U.S. at 390, 91 S. Ct. 1420.

A district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.,* 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses,

and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

   2. The ALJ's Decision

At step one, the ALJ determined that Duhl had not engaged in substantial gainful activity since the alleged onset date. (R. 23). At step two, the ALJ found that Duhl suffered from the following severe impairments: bipolar disorder; anxiety disorder; autism spectrum disorder; and ADHD. (R. 23-24). Turning to the third step, the ALJ concluded that those impairments, considered singly or in combination, did not meet or medically equal the severity of a listed impairment. (R. 24-25). The ALJ then found that Duhl had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with certain nonexertional restrictions. (R. 25-30). Finding that Duhl had no past relevant work, the ALJ concluded that, considering her age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform. (R. 31-32). Specifically, the ALJ concluded that Duhl could perform the requirements of representative occupations such as: laundry worker; sorter; kitchen helper; garment sorter; marker; and mail clerk. (R. 31-32). Consequently, the ALJ denied benefits.

   3. Discussion

Duhl challenges the ALJ's decisions in several respects. She alleges that that the ALJ failed to address a questionnaire completed by her high school counselor as well as an Individualized Educational Plan ("IEP"). She also takes issue with the ALJ's

assessment under Listing 12.10. She further urges that the ALJ failed to consider or explain the reasons for rejecting the work limitations expressed by Dr. John Rohar. Finally, she faults the ALJ for failing to award controlling weight to the medical opinions rendered by the treating physicians.  None of these positions are convincing.

As to the first contention, I disagree with Duhl's position that the ALJ failed to acknowledge Ms. Skrinjar's questionnaire. Citing directly to Ms. Skrinjar's evaluation (Exhibit 5E), the ALJ noted that the "claimant's transition counselor indicated that the claimant had difficulties attending and completing tasks, but generally had no or no more than slight problems acquiring and using information, interacting and relating with others, moving about and manipulating objects, caring for herself, and health and physical well-being.'" (R. 27). Additionally, the ALJ acknowledged that Duhl "participated in an individualized education program while in school, with learning support (including program modifications and specially designed instruction.)" (R. 27). The ALJ specifically cited to the IEP. (R. 174-228). Thus, the ALJ did, in fact, acknowledge and consider both the teacher questionnaire and the IEP. However, the ALJ noted that the IEP showed that Duhl was able to graduate despite her limitations and that she attended post-secondary classes with supports. (R. 27, citing, R. 174-229). Consequently, Duhl's argument is without basis.

I am similarly unpersuaded by Duhl's Listings argument. Listing 12.10 addresses autism spectrum disorder. The Listing requires:

> A. Medical documentation of both of the following:
> 1. Qualitative deficits in verbal communication, nonverbal communication, and social interaction; and
> 2. Significantly restricted, repetitive patterns of behavior, interests, or activities,
> AND

> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
> 1. Understand, remember, or apply information.
> 2. Interact with others.
> 3. Concentrate, persist, or maintain pace.
> 4. Adapt or manage oneself.

20 C.F.R. Pt. 404, Subpt. P, Apps. 1 Section 12.10 (internal citations omitted).

It is Duhl's burden to demonstrate that she meets or equals the requirements set forth in the Listing. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992). She has not discharged this burden. Even accepting her contention, for purposes of argument only, that she meets the criteria set forth in section A, she has made no effort to explain how the ALJ erred with respect to her findings regarding the criteria set forth in section B. As such, there is no basis for finding fault with the ALJ's decision.

Furthermore, the ALJ's decision is supported by substantial evidence of record. The ALJ concluded that Duhl had only a mild limitation with respect to her ability to understand, remember or apply information. (R. 24). Her decision in this respect is supported by substantial evidence of record, including Duhls GPA of 3.94, her SAT score of 1340, and Dr. Faber's notation that Duhl had a "very good" ability to understand, remember, and apply information to carry out one- to two-step instructions. (R. 375, 414).   As to interacting with others, the ALJ found Duhl had moderate limitations. (R. 24). Again, her decision is supported by substantial evidence. For instance, Duhl was able to maintain relationships with family and friends, she was able to attend social skills groups and medical appointments, and she was consistently described as having a pleasant and cooperative manner. (R. 49-50, 60, 249-250, 377, 497, 516). Similarly, Dr. Faber found Duhl to have "superb conversations" with peers

and to have a very good ability to interact appropriately with supervisors and get along with co-workers and peers. (R. 375, 377, 414). With respect to concentration, persistence, or pace, again, the ALJ determined that Duhl had a moderate impairment. (R. 24-25). Acknowledging Duhl's problems with inattention and distractibility and the need for redirection, the ALJ nevertheless observed that Duhl was able to take college classes, play computer games, and watch television and videos. (R. 24, citing, 49-50, 52-55, 245, 248). As observed by Dr. Faber, Duhl's condition improved significantly when she was compliant with medication. (R. 29, 430, 483, 495, 514). Further, the ALJ's conclusion in this regard is supported by Dr. Rohar's finding that Duhl has only a moderate limitation in this domain. (R. 85). Finally, with respect to adapting or managing oneself, the ALJ found Duhl had only a moderate limitation. (R. 25). Duhl was independent in her personal care, was able to take care of a pet, cook simple meals, and perform some household chores. (R. 25, citing, 244-247). Dr. Rohar's findings support the ALJ's conclusions, in determining Duhl had only moderate adaptive limitations. (R. 28-29, 86). As such, I find no basis for remand.

  Duhl also takes issue with the weight the ALJ gave to Dr. Rohar's findings. The ALJ did find Rohr's opinion persuasive in some respects. (R. 29). Duhl urges that, having found the opinion persuasive, the ALJ erred in failing to adopt some of the limitations that Rohar endorsed. Yet it is well established that an ALJ need not adopt a medical opinion in its entirety. *See Wilkinson v. Commissioner of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) ("no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gave the source's opinion as a whole 'significant' weight."). Further, Duhl faults the ALJ for having

failed to include limitations in her hypotheticals regarding the inability to use public transportation. Yet the ALJ relied upon Duhl's own testimony in finding her capable of using ride-sharing services like Uber and Lyft. (R. 29, 48). Consequently, the ALJ did not err in declining to include limitations related to transportation in the RFC.

Finally, Duhl contends that the ALJ erred in failing "to afford controlling weight to Plaintiff's treating physicians." (ECF No. 21, p. 20). She urges that the opinions proffered by Drs. Faber and Menzel "should be controlling because they are longtime treating physicians…." (ECF 21, p. 22-23). Again, her argument is misplaced. Duhl's claim, filed after March 27, 2017, is subject to new Social Security regulations regarding the evaluation and treatment of medical opinions. The new standards differ significantly from the prior regulatory framework and Duhl's argument is reliant upon the incorrect and outdated standard.

These new regulations require an ALJ to focus upon the persuasiveness of each medical opinion rather than to accord opinions particular evidentiary weight. See 20 CFR 404.1520c; 416.920c. Thus, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a] medical source." Id. at 404.1520c(a); 416.920c(a). For such claims, an ALJ shall consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors such as familiarity with other evidence in the claim or an understanding of disability policies and evidentiary requirements, as well as whether new evidence received after the opinion makes the opinion more or less persuasive. Id. at 404.1520c(c); 416.920c(c). "The most important factors" are supportability and

consistency. Id. at 404.1520c(a); 416.920c(a). Therefore, the ALJ must explain how he/she considered the supportability and consistency of an opinion but the ALJ is ot required to discuss or explain how he/she considered the other factors. Id. at 404.1520c(b)(2); 416.920c(b)(2). When opinions are equally supported and consistent with the record on the same issue but not exactly the same, however, the ALJ must explain how he/she considered the other factors. Id. at 404.1520c(b)(3); 416.920c(b)(3). Additionally, when a medical source provides multiple opinions, an ALJ is not required to articulate how he/she considered each opinion but may consider it in one single analysis using the factors above. Id. at 404.1520c(b)(1); 416.920c(b)(1). Moreover, an ALJ is not required to articulate how he/she considered evidence from nonmedical sources. Id. at 404.1520c(d); 416c(d).

After careful review, I find that the ALJ appropriately assessed the medical opinions in light of the above standards. Contrary to Duhl's contentions, the source of the opinion is not of paramount value. Rather, supportability and consistency are. Consequently, Drs. Faber and Menzel are not entitled to any deference given their status as "treating physicians." The ALJ determined that those opinions were not consistent or supported by evidence of record. (R. 29-30). This determination was done in accordance with the new regulations and is supported by substantial evidence of record. (R. 29-31). As such, there is no basis for remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAIGE S. DUHL )<br>      Plaintiff, )<br>)<br>-vs- )<br>)<br>KILO KIJAKAZI, )<br>)<br>Commissioner of Social Security, Defendant. ) | Civil Action No. 20-1123 |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 14th day of December, 2021, it is hereby ORDERED that the Motion for Summary Judgment (Docket No. 20) is DENIED and the Motion for Summary Judgment (Docket No. 24) is GRANTED. The Clerk of Courts shall mark this case "Closed" forthwith.

BY THE COURT:

_____
Donetta W. Ambrose
United States Senior District Judge

9